FILED

8:55 am, 11/13/13

Tim J. Ellis
Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JODY M. SIMKINS | ) | Case No.   12-20758 |
| KRISTINE SIMKINS | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| GALE HADERLIE | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No.  12-2053 |
| | ) | |
| GARY BARNEY, Bankruptcy Trustee, | ) | |
| | ) | |
| Defendant. | ) | |

## CORRECTED OPINION

On October 23, 2013, this matter came before the court for trial on the Complaint

for Declaratory Judgment filed by Gale Haderlie ("Haderlie").  The court, having

reviewed the record, testimony and other evidence finds for Haderlie and against Gary A.

Barney ("Trustee").

**Jurisdiction**

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and 157.

**Findings of Fact**

Jody M. Simkins and Kristine Simkins filed for chapter 7 bankruptcy protection

on July 30, 2012.  Mrs. Simkins ("Simkins") is Haderlie's daughter.  On June 20, 2012,

Simkins was added as a "Secondary Joint Owner" on Haderlie's two bank accounts

(checking and savings) at Wells Fargo Bank.  Mrs. Simkins did not disclose the two bank

accounts on her initial petition and schedules upon filing her bankruptcy case. The

court's review of the docket shows that Simkins filed an amended Schedule B on

September 7, 2012, disclosing the accounts.

Wells Fargo notified the Trustee of the accounts, requesting direction from the

Trustee as to what to do with the funds that it was holding in "bankruptcy status." The

Trustee requested that the funds be turned over for administration in the Simkins'

bankruptcy estate. Wells Fargo sent the balance of the accounts in the total amount of

$217,986.57 to the Trustee. The Trustee retained the funds pending resolution of this

adversary proceeding.

Mr. Haderlie is nearly ninety years old and experiencing dementia. He was taken

advantage of by telemarketers and had sent an amount of approximately $8,000.00 to

Jamaica under the belief that he was going to be awarded one million dollars. His family

was concerned for his welfare and safety, due to the continuing harassing telephone calls

that he received. This prompted Simkins to have Mr. Haderlie's telephone number

changed and to contact the local Wells Fargo branch.

Mr. Haderlie and Simkins met with Terrece Siddoway from Wells Fargo. Mrs.

Simkins wanted the ability to monitor Haderlie's account transactions. Ms. Siddoway

informed Haderlie and Simkins that the only way Simkins could have access to

Haderlie's accounts was to become a joint owner on the account. Mr. Haderlie agreed to

this arrangement and a Consumer Deposit Account Relationship Change Application was

executed for each account.

Page 2

The funds in the accounts were part of the proceeds from the sale of real property that Haderlie and his son farmed.  Mrs. Simkins had not deposited nor withdrew any funds from either account.

**Discussion**

Mr. Haderlie requests that the court determine that the funds in both bank accounts are not property of Simkins' bankruptcy estate and order the immediate return of the funds.  The Trustee argues that the fact that Simkins is a secondary joint owner on the bank accounts make the funds property of her bankruptcy estate for administration and distribution to unsecured creditors based upon the contract of the Relationship Change Application.

It is undisputed that Haderlie and Simkins are joint owners on the two accounts, pursuant to the Relationship Change Application and testimony.  The issue is the ownership interest of the funds in the accounts.[1]

This court found two cases in Wyoming which recognized the general principle that the judgment creditor of one account holder may only execute against a joint bank account to the extent of the debtor's equitable interest in the account.[2]  Joint depositors have the burden of proving what funds in the account are not subject to execution, or in this case turnover to the bankruptcy trustee.  In *S&S Diversified*, the court determined

---

[1] Emphasis added.

[2] *S & S Diversified Servx., L.L.C. v. Taylor,* 897 F. Supp. 549 (D.C. Wyo. 1995) and *Hancock v. Stockmens Bank & Trust Co.,* 739 P.2d 760 (Wyo. 1987).

that it may look beyond the four corners of the signature card that constitutes the contract between the depositors and the bank, using parol evidence to determine the motives and extent of the parties' respective equitable interests of the account's funds. "Where garnishment of jointly held accounts is permitted on the basis of an amount up to the extent of the debtor-account holder's equitable interest in the account, parol evidence of the nature of the account, other than the signature card constituting the contract between the bank and the co-depositors, may be admissible to establish the nature and extent of the parties' respective interests."[3]

The court considers numerous factors to determine the ownership of the funds in the joint account including: control over the funds in the account; contributions of funds to the account by each party; whether any contribution by one party constituted a gift to the other; who paid the taxes on the earnings from the account; and, the purpose for which the account was established.[4]  Additional factors may include: whose social security numbers are on the account;[5] whose name is printed on face of checks;[6] who signed the checks;[7] and, who has possession of the checkbook and documents regarding

---

[3] *In re S & S Diversified, supra.*

[4] *In re Tucker,* 430 B.R. 499 (Bankr. N.D. Ill, 2010).

[5] *Browning & Herdrich Oil Co., Inc. v. Hall,* 489 N.E. 2d 988 (Ind. Ct. App. 1st Dist. 1986).

[6] *House v. Malcolm Thomas Industries, Inc.,* 611 So. 2d 1085 (Ala. Civ. App. 1992).

[7] *Id.*

the account.[8]

The court's review of the Relationship Change Application reflects that both owners' social security numbers are on the account. Additionally, both names are on the Statement. Simkins testified that she did not make any deposits into the account or write any checks. The funds were derived from the sale proceeds of real property farmed by Haderlie and his son. The parties did not present evidence of who had possession of the checkbook or documents regarding the accounts.

Gerald Goulding, a certified public accountant and attorney, testified that he assisted Haderlie with estate planning and income tax work over the last twenty to thirty years, that the checking account did not accrue interest, and interest on the savings account was reported on Haderlie's 2012 income tax return. He also stated that the funds in the accounts were not intended to be a gift to Simkins from Haderlie for estate planning purposes similar to a gift given to a son. Goulding explained that under the Internal Revenue Code, a gift is not completed, unless the giftee withdraws from the account, which Simkins never did.

Mrs. Simkins testified that the purpose of becoming a joint owner on the bank accounts was to have the ability to monitor the accounts and protect her father from further unscrupulous groups preying on the elderly. Mr. Haderlie had recently fallen victim to this type of abuse, was harassed, threatened and lost approximately $8,000.00.

---

[8] *Browning & Herdrich, supra*

The court found numerous cases where joint accounts were established to assist and protect family members.

Based upon the testimony and evidence, this court finds that Haderlie met his burden showing that he had control of the bank accounts; that the funds in the account were deposited only by him; that he paid the taxes; placing Simkins on the account as a joint owner was not a gift and that the special purpose of placing Simkins on the account was to protect his assets from unscrupulous individuals. The fact that her name and social security number is on the account appears to be a requirement of the bank. Mrs. Simkins does not have an equitable interest in the funds in the accounts. The funds are not property of her bankruptcy estate.

Therefore, the court finds in favor of the plaintiff, Haderlie granting the motion for declaratory judgment and against the defendant, Trustee.

This opinion constitutes the Court's **corrected** findings of fact and conclusions of law. The Judgement entered on October 29, 2013 is unchanged.

DATED this 13th day of November, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Hank Baily/Lance Harmon
    Frank Watkins